**Abatement Order filed May 24, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00679-CV
_____

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### RATAN ZAKIR, Appellee

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-90845**

## ABATEMENT ORDER

On April 29, 2022, we directed the clerk of the 295th District Court to deliver to the Clerk of this court the original of Exhibit 5 (a video recording) to the Please to the Jurisdiction filed August 20, 2020. On May 10, 2022, we sent notice the exhibit had not been filed. No response has been received.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost, under the following circumstances:

(1) if the appellant timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit has been lost or destroyed;

(3) if the lost or destroyed exhibit is necessary to the appeal's resolution; and

(4) if the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, a significant exhibit has been lost or destroyed; (3) whether the lost exhibit is necessary to appellant's appeal; and (4) whether the parties can agree on replacement of the missing exhibit with a copy, or (5) if the trial court can determine that a copy accurately duplicates the missing exhibit with reasonable certainty. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

2

PER CURIAM

Panel Consists of Justices Jewell, Bourliot and Poissant.